*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *HENRY W. COGSWELL,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 04-171-P-S* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff has applied for an award of attorney fees totaling $8,178.75 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to his Social Security Disability ("SSD") appeal, he obtained a remand for further proceedings before the Social Security Administration. *See generally* EAJA Application for Fees and Expenses ("Application") (Docket No. 18).

The commissioner concedes that the plaintiff is a prevailing party entitled to an award of attorney fees but contests certain aspects of the total sought. *See generally* Defendant's Partial Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Opposition") (Docket No. 19). Specifically, she seeks a reduction in the total award to $5,653.75 on three bases: that (i) the hourly rate for work performed in 2004 should be based on 2004, not 2005, cost-of-living adjustment data, (ii) the number of hours claimed for preparation of the statement of errors is excessive, and (iii) 0.5 hour billed at the start of the case is non-compensable because

recorded prior to filing of the complaint in this matter. *See generally id*. I agree with the first two of these points but not the third.

As the commissioner observes, *see id*. at 2, the hourly rate awarded for work performed by plaintiff's counsel Francis M. Jackson and Gordon Gates in the year 2004 should be based on adjustments in the consumer price index ("CPI") as of that year, not as of 2005, *see, e.g., Sorenson v. Mink*, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (in EAJA cases, cost-of-living adjustment to hourly fee should be based upon CPI as of date legal services were performed; to use CPI current as of date of entry of judgment would constitute impermissible award of prejudgment interest); *Perales v. Casillas*, 950 F.2d 1066, 1077 (5th Cir. 1992) (same); *Knudsen v. Barnhart*, 360 F. Supp.2d 963, 975-76 (N.D. Iowa 2004) (same). By the government's calculations – the methodology of which the plaintiff does not contest – use of the 2004 CPI rather than the 2005 CPI results in an hourly fee of $160 (rather than the $165 sought) for work performed by Jackson and Gates in 2004. *See* Opposition at 2-3 & n.1; Plaintiff's Reply Memorandum Regarding EAJA Fees and Expenses ("Reply") (Docket No. 20) at 2-3.

As the commissioner also posits, the total number of hours claimed for Gates' drafting of the fourteen-page statement of errors in this case (forty-four) is excessive given the lack of difficulty or novelty of the issues presented. *See* Opposition at 3-4; Invoice dated May 4, 2005 submitted to Henry Cogswell from Jackson & MacNichol ("Invoice"), Attachment No. 1 to Application. The plaintiff protests, *inter alia*, that the hours claimed are reasonable inasmuch as this was a cessation-of-benefits case, and the issues raised had to be viewed through that lens. *See* Reply at 3. As I noted in my Report and Recommended Decision, a cessation-of-benefits case involves a threshold inquiry whether medical improvement has been shown. *See* Report and Recommended Decision (Docket No. 15) at 3.

If it has been, the agency undertakes its familiar five-step sequential-evaluation process to determine whether the individual is able once again to engage in substantial gainful activity. *See id.*

In this case, the plaintiff made two uncomplicated arguments with respect to the threshold medical-improvement question, contending that the administrative law judge (i) offered nothing but a conclusory statement that the plaintiff's condition had medically improved and (ii) did not consider the fact that the plaintiff had been away from the workplace for a considerable period of time. *See* Plaintiff's Itemized Statement of Errors (Docket No. 10) at 13-14. The plaintiff's remaining points all implicated the customary five-step sequential-evaluation process. *See id.* at 2-13. None raised novel or complex issues or required tailoring to fit the cessation-of-benefits context. *See id.*[1] I agree with the commissioner that, under these circumstances, a reduction of fourteen hours (from forty-four to thirty) in time for preparation of the statement of errors is appropriate. *See* Opposition at 3-4.[2]

The commissioner attacks the plaintiff's fee application on one final basis: that 0.5 hour billed at the initiation of the case on July 21, 2004 is non-compensable because it was expended prior to filing of the complaint. *See id.* at 3; Invoice. While it is true, as the commissioner observes, that fees for services rendered at the administrative level are non-compensable under the EAJA in the absence of a court-ordered remand, *see* Opposition at 3; *Sullivan v. Hudson*, 490 U.S. 877, 892-93 (1989), the

---

[1] In his discussion of mental impairments, the plaintiff did suggest that the administrative law judge's determination might have had support if this had been an initial claim as opposed to a cessation-of-benefits case; however, he cited no authority for the proposition that analysis differs in one case versus the other. *See* Statement of Errors at 11.

[2] The plaintiff misreads *Commissioner v. Jean*, 496 U.S. 154 (1990), in suggesting that a defendant agency must establish that a fee is "exorbitant" before a court may reduce it on reasonableness grounds. *See* Reply at 2. The Supreme Court observed in *Jean* that "[e]xorbitant, unfounded, or procedurally defective fee applications – like any other improper position that may unreasonably protract proceedings – are matters that the district court can recognize and discount." Jean, 496 U.S. at 163 (footnote omitted). However, this was meant to be an illustrative list; as the Court also noted: "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award." *Id.* The EAJA allows for recovery of "reasonable fees and expenses of attorneys[.]" 28 U.S.C. § 2412(b). This court has not shied from trimming the number of hours for which recovery is sought when it has agreed with the defendant agency that the time spent was excessive. *See, e.g., Rioux v. Barnhart*, 77 Soc. Sec. Rep. Serv. 642, 644 (D. Me. 2002) ("This court must determine whether the plaintiffs' counsel exercised billing judgment in submitting the fee application and whether the time charged was reasonably expended in advancing the clients' interests. Excessive, redundant or unnecessary hours must be excluded from a fee request.") (citations and internal quotation marks omitted); *Kimball v. Shalala*, 826 F. Supp. 573, 576 (D. Me. 1993) (awarding compensation for only two of nine hours claimed for fee preparation).

plaintiff explains that the services in question (reviewing the Appeals Council denial and preparing forms and a letter to the client) were performed in preparation for the instant litigation, not as part of the prior administrative proceeding. *See* Reply at 4; Invoice. They therefore are compensable even though performed a few days prior to the filing of the complaint in this matter. *See, e.g., Forest Conservation Council v. Devlin*, 994 F.2d 709, 712 n.2 (9th Cir. 1993) ("Some of the services performed before a lawsuit is formally commenced by the filing of the complaint are performed on the litigation and are, therefore, compensable.") (citation and internal quotation marks omitted); *Gough v. Apfel*, 133 F. Supp.2d 878, 880 (W.D. Va. 2001) ("The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action. The court recognizes the duty of counsel to familiarize himself with the case before going forward with the same. Thus, certain pre-complaint activities are necessary and, to the extent that they are reasonable, shall be compensated.") (citations omitted).

For the foregoing reasons, I recommend that the plaintiff be awarded a total of $5,733.75, representing payment of $5,280 for 33 hours expended by Jackson and Gates in 2004 (at a rate of $160 per hour) and $453.75 for 2.75 hours expended by Jackson and Gates in 2005 (at a rate of $165 per hour).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge